A. W. and MARY L. TOUCHTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Touchton v. Commissioner
Docket No. 710-73.
United States Tax Court
T.C. Memo 1974-48; 1974 Tax Ct. Memo LEXIS 273; 33 T.C.M. (CCH) 231; T.C.M. (RIA) 74048; February 25, 1974, Filed. J. E. B. Stewart, for the petitioners. Kenneth B. Wheeler, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $2,772.32 in petitioners' income tax for 1968. All issues raised by the notice of deficiency having been settled by the parties, the only issue remaining for decision is whether a Form 872, Consent Fixing Period *274 of Limitation Upon Assessment of Income Tax, was effective under section 6501(c) (4) [1] to extend the statute of limitations on the assessment of a deficiency for 1968. FINDINGS OF FACT Petitioners Archibald W. Touchton and Mary L. Touchton, husband and wife, were legal residents of Lake Park, Georgia, at the time they filed their petition. They filed a timely joint income tax return for 1968 with the Southeast Internal Revenue Service Center, Chamblee, Georgia. For convenience Archibald W. Touchton will be referred to herein as petitioner. Petitioner is an attorney who has practiced law in the Georgia, Florida, and Federal courts for more than 50 years. In about July 1971, Gloria Bailey (hereinafter Bailey), a tax auditor in the Valdosta, Georgia, office of the Internal Revenue Service, commenced an examination of petitioners' 1968 return. Petitioners' records were in such poor condition that they did not provide the information needed for a correct audit. Upon completion of her audit, Bailey proposed to make certain adjustments to petitioners' reported *275 taxable income for 1968. Petitioners objected and would not agree with the proposed adjustments. Bailey's report allowed petitioners only three dependency exemption deductions whereas four such deductions had been claimed on their return. On August 23, 1971, petitioner wrote a letter to the President objecting to Bailey's failure to allow petitioner deductions for certain expenses which he stated that he had incurred as the executor of an estate. On September 22, 1971, the district director of internal revenue, Atlanta, Georgia, sent a letter to petitioner confirming an appointment with Bailey's supervisor, Henry Willis (hereinafter Willis), and advising petitioner that Willis would examine his records and all evidence relating to the disputed expenditures. Neither of these communications refers to dependency exemption deductions. Willis met with petitioner on October 8, 1971, on December 7, 1971, and again on January 11, 1972, to examine petitioner's records and discuss his income tax liability for 1968. In the last of these three meetings, petitioner expressed a desire to take advantage of the income-averaging provisions of the Internal Revenue Code. Willis at that time *276 advised petitioner that he would need returns for the four prior years to make the income-averaging computations. At none of these meetings was there any discussion of dependency exemption deductions. On January 15, 1972, petitioner wrote a letter to Willis explaining his position on the deductibility of the expenses incurred as an executor and adding: In view of the foregoing I see no reason to send you my office copies of the returns for the years, 1964, 1965, 1966 (none for 1967 due to insufficient income) as promised, since the proper deductions will leave nothing for averaging. On March 9, 1972, Willis mailed petitioners a revised report covering the examination of their returns for 1968 and 1969. In this letter it was stated that a representative of the conference staff in the Atlanta office would contact petitioner and arrange an appointment for a meeting on his tax liabilities. Willis' revised report allowed petitioner only three dependency exemption deductions. Petitioners filed an amended income tax return for 1968 on October 8, 1971, and another on February 17, 1972. In the meantime, on December 16, 1971, at the request of Willis, petitioners signed a Form *277 872, Consent Fixing Period of Limitation Upon Assessment of Income Tax. A second Form 872 was executed by petitioners on January 11, 1972, because petitioner-wife signed her name on the income tax return for 1968 "Mary L. Touchton" whereas on the first Form 872 she had signed her name "Mrs. A. W. Touchton." When Willis asked petitioners to sign the Form 872, he advised them that additional time would be needed to complete the audit and the administrative review thereof. The consent Forms 872 extended the expiration of the statute of limitations on assessments for 1968 from April 15, 1972, until December 31, 1972. Subsequent to the execution of these forms, a conference was held with a representative of the appellate division of the Internal Revenue Service. For the first time during the course of the meetings with petitioner on the 1968 income tax return, Bailey's and Willis' allowance of only three dependency exemption deductions was mentioned. Following the appellate division conference, the notice of deficiency for 1968 was issued to petitioners on November 1, 1972. The notice attached computations allowing four dependency exemption deductions. The parties agree that should *278 this Court hold that the Form 872, Consent Fixing Period of Limitation Upon Assessment of Income Tax, executed on January 11, 1972, for 1968 is valid, the corrected deficiency in petitioners' income tax for 1968 is $1,118.43. The parties further agree that if such Form 872 is not effective to extend the statute of limitations for 1968, no deficiency in income tax is due from petitioners for 1968 in that the notice of deficiency would not have been timely. OPINION The petition as originally filed alleged that assessment of the deficiency for 1968 was barred by the statute of limitations and in support of that allegation stated in part: (I). The record shows conclusively that there was a conspiracy on the part of the Auditor, her Supervisor, the District Conferee, and the District Director to practice a fraud on Petitioners by denying to them the benefit of a Dependency Deduction and thereby require of them more money in taxes than required by law, and in so doing violating petitioners' rights secured under Code Section 7214, and also by failing to counsel and assit petitioners in claiming the benefit of Income averaging since Petitioners had shown by their Return that the Income *279 reported accrued over a period of four years prior to and including the year reported. (II). That said individuals referred to in the paragraph immediately preceeding [sic], Did fraudulently obtain from Petitioners a purported Extension claiming that it was needed to give time to complete the Audit, while at the same time knowing that they were violating their duty to Petitioners by denying the Dependency Deduction above referred to. Respondent denied the foregoing allegations and alleged that the period of limitations had been extended by an agreement in writing executed pursuant to section 6501(c) (4). At the trial, petitioners moved to amend the petition to allege "culpable negligence" rather than "fraud" and "conspiracy" as the grounds for invalidating the extension of the period of limitation for assessment of a deficiency for 1968. The motion was granted. However, we do not think petitioners have shown any grounds for holding that the notice of deficiency was not timely. Section 6501(a) lays down the general rule that the amount of any income tax "shall be assessed within 3 years after the return was filed." As an exception to this general rule, section 6501(c) *280 (4) [2] allows the Secretary or his delegate and the taxpayer to agree to extend the period for the assessment, and where they have so agreed "the tax may be assessed at any time prior to the expiration of the period agreed upon." In the instant case, it is stipulated that on December 16, 1971, and on January 11, 1972, petitioners signed Forms 872, Consent Fixing Period of Limitation Upon Assessment of Income Tax, in which they agreed: That the amount(s) of any Federal income tax due under any return(s) made by or on behalf of the above-named taxpayer(s) *281 for the tax year(s) ended December 31, 1968 under existing or prior revenue acts, may be assessed at any time on or before December 31, 1972 * * *. We do not think petitioners have shown that these forms were obtained in pursuit of a conspiracy to defraud petitioners or that the revenue agents were so negligent in carrying out the investigation of petitioners' returns as to render the consent forms nugatory. As stated in our Findings, petitioners' 1968 return claimed four dependency exemption deductions - two for petitioner (he was over 65), one for Mary L. Touchton, and one for his brother, James Touchton. Inadvertently, according to the testimony, both Bailey and Willis recomputed petitioners' liability by allowing only three dependency exemption deductions. However, copies of those computations were given petitioner, and he raised no question about this point in his dealings with either Bailey or Willis. Although he testified he had prepared returns for over 50 years, he apparently did not study the computations closely enough to detect the error. Finally, petitioner testified that at the conference with the appellate division, he called the omission of the dependency *282 exemption deduction to the attention of the appellate division representative. That representative promptly called Bailey to inquire why the fourth deduction had not been allowed, and she stated that she did not know it had been omitted. Thereupon the appellate division representative agreed to allow the additional dependency exemption deduction, and it was allowed in the notice of deficiency. We think it apparent that the failure of Bailey and Willis to allow the fourth dependency exemption deduction was inadvertent and that it was not done with intent to defraud petitioner or to deprive him of any of his lawful deductions. None of the actions taken by the revenue agents or conferees, either before or after the extension agreement was signed, vitiated that agreement of the parties. Cf. (C.A. 6, 1971), affirming a Memorandum Opinion of this Court. Nor do we think the waiver was effectively qualified by any oral conditions, expressed or implied, as to its applicability. . [3] We hold that the agreement was effective to extend the statute of limitations on the assessment *283 of a deficiency in petitioners' income tax for 1968 to December 31, 1972. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue. ↩
2. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (c) Exceptions. - * * * (4) Extension by agreement. - Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary or his delegate and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. ↩
3. Respondent's brief contains the following paragraph relating to petitioner's claim to the benefits of income averaging: At the request of petitioners in August 1973, respondent's agent in Jacksonville obtained copies of petitioners' four prior year returns from the I.R.S. Service Center in Chamblee, Georgia and computed petitioners' corrected 1968 income tax deficiency * * * by income averaging. Since these computations were reflected in the stipulated deficiency referred to in our Findings, petitioner will receive the benefits of both income averaging and the fourth dependency exemption deduction, the two items which have been the main sources of his complaint. ↩